HAMITER, Justice.
In this injunction proceeding the City of New Orleans seeks to compel the removal of a permanent plastic covering or roof now existing over the court yard that separates two buildings located at No. 600 Bourbon Street in the Vieux Carre section of the named municipality (the buildings have definite architectural value, they being a splendid example of an old fashioned French cottage with accompanying slave quarters). The defendants are Mrs. Julia Rommel Moore, the owner of the premises, and Dan Levy, her lessee who installed the covering and operates a restaurant beneath it.
For a cause of action plaintiff alleged that the mentioned roof is violative of: (1) the Vieux Carre ordinances (No. 14538 CCS and amendments thereto) in that the material used therefor (sheets of plexiglass) does not conform with the “quaint and distinctive character of the Vieux Carre architecture” and (2) the general municipal zoning ordinances (Nos. 11302 and 18565 CCS) in that the permanent installation covers the entire court yard, thereby failing to allow the required 20% open yard space.
The district court issued the mandatory injunction sought and ordered the removal of the plastic roof. If not set aside the judgment, according to plaintiff’s counsel, “may very well result in the termination of the restaurant business in the covered patio or court yard * * The defendants are appealing.
Prior to the filing of this suit plaintiff prosecuted defendant Levy criminally in the New Orleans Municipal Court on a charge that he installed the plastic covering, in violation of the Vieux Carre ordinances, without first having obtained a permit from the Vieux Carre Commission. Holding that the defendant was technically guilty of the charge the trial judge imposed a fine of only $10 and observed: “* * * I do not believe the Quarter is hurt by this, in fact I think that Mr. Levy has greatly improved *849 the looks of the particular patio by putting this plexiglass there * * *. The Court finds him guilty of not having a permit and, as the Court stated before, he believes that the Quarter benefited by this type of covering * * (In the instant cause the former director of and architect for the Vieux Carre Commission testified that although the covering is non-conforming, being a modern plastic material, it looks very nice.) On an appeal of the criminal prosecution to this court, presenting for our consideration only constitutional issues respecting the ordinances, the conviction and sentence were affirmed. See City of New Orleans v. Levy, 223 La. 14, 64 So.2d 798.
Accepting our decision in that case that the Vieux Carre ordinances are constitutional, and apparently conceding that the controversial plastic roof does not conform with the requirements of the invoked municipal laws, the defendants in the instant injunction suit contend only that “ * * * the actions of the City and the Commission in administering the laws in question were unreasonable, capricious, arbitrary and discriminatory ; and, therefore, in violation of the Equal Protection clause of the United States Constitution.”
And in support of such contention defendants rely on City of Shreveport v. Dickason, 160 La. 563, 107 So. 427 and Simmons v. City of Shreveport, 221 La. 902, 60 So.2d 867 wherein this court approved the principle set out by the United States Supreme Court in Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 1073, 30 L.Ed. 220, that: “ * * * Though the law itself be fair on its face, and impartial in appearance, yet, if it is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the constitution. * * * ”
The city does not dispute the correctness of this doctrine. It maintains only that defendants have not shown unjust discrimination against them in the administering of the municipal laws in question.
With respect to the Vieux Carre ordinances the record conclusively discloses that in recent years there have been innumerable non-conforming alterations of buildings throughout the French Quarter against which the city has sought no injunctive relief; some, in fact, were authorized by officially granted permits. The existence of this widespread condition was freely admitted during the trial by two former members of the Vieux Carre Commission who are architects by profession.
Among such violations noted are specifically the following: Maison Blanche Company was permitted by councilmanic action to demolish buildings located on Bienville Street (of quaint and distinctive character of the Vieux Carre architecture) and to *851 erect in their place a modern, multi-storied brick structure. At 227 Dauphine Street there exists an ultramodern dental building ■ — one that undeniably is not in keeping with the antique architecture of that area. The operator of the LaLune Cocktail Lounge at 800 Bourbon Street was granted permission to entirely and permanently enclose a court yard similar to the one involved here, the enclosure (including the roof) having been made with glass and steel and being plainly visible from the street. In the court yard of the Napoleon House, located at St. Louis and Chartres Streets, certain nonconforming alterations were made and still exist. True, in a criminal prosecution the operator of that establishment was convicted and fined (see City of New Orleans v. Impastato, 198 La. 206, 3 So.2d 559). But no injunction suit has ever been brought to compel conformity. As to this omission counsel for plaintiff, merely say: “The city is now criticized for not having ridden herd on the man * *
Additionally, it is shown (and conceded by the city) that there are countless violations of the sign provisions of the Vieux Carre ordinances and that for approximately three years no effort has been made to enforce the regulations. In fact, it appears that in the near future the Commission plans to propose new and less stringent regulations concerning the use of signs in the French Quarter, the result of which will be to render legal many of the present violations.
Too, we note that modern metal awnings attached to the exterior of buildings, and which overhang sidewalks, are permitted throughout the French Quarter. An assistant city attorney testified that in his opinion awnings are not regulated by the ordinances inasmuch as no specific mention is therein made of them. Assuming this to be true it cannot be denied that modern metal awnings are out of harmony with Vieux Carre architecture.
Unquestionably, the plexiglass roof involved here is also violative of the general municipal zoning ordinances in that it prevents the maintenance of the required 20% open yard space. But the record discloses that in the French Quarter there exist similar violations (many other court yards are covered in their entirety) against which no injunctions have been sought. This is particularly true of the following: LaLune Cocktail Lounge, 800 Bourbon Street, Napoleon House, 500-504 Chartres Street, Desportes Drug Store, 838 Chartres Street (Chartres and Dumaine Streets), Manheim’s, 409 Royal Street (Conti and Royal Streets), and the Grimaldi property, 700 St. Ann Street.
As to the other violations (of both the Vieux Carre and the zoning ordinances) the city takes the position that the defendants have failed to show that the alterations occurred subsequent to the enactment of the ordinances. It appears that the defendants made out a prima facie case *853 of discrimination when they proved conclusively the existence of many unrestrained violations. Thereupon, the burden of going forward with the evidence, to explain its apparently discriminatory conduct, shifted to the city. As stated in 31 C.J.S. verbo Evidence § 110, “The burden of evidence, defined in § 103, supra, sometimes termed the burden of producing, or going forward with, the evidence, or the burden of procedure, shifts, or may shift, from side to side during the progress of the trial. Its position at any particular time is controlled by the logical necessities of making proof which a party is under at the time, the burden being always on that party against whom the decision of the tribunal would be given if no further evidence were introduced. * * * This burden of evidence is so continued until the party having the burden of proof establishes a prima facie case; nothing less will shift the burden of evidence. When such a prima facie case is established, the burden of evidence is shifted to the adverse party; the adverse party may, by the production of evidence destroying the prima facie case against him, satisfy the burden and restore it to the original party.” See also First National Bank of Ruston v. Jones, 186 La. 269, 172 So. 155.
With further reference to the violation of the zoning ordinances by these defendants we notice that one of plaintiff’s witnesses, who is connected with the New Orleans Department of Regulatory Inspection (the agency charged with the supervision of zoning compliance), testified that this is the first instance to his knowledge of the city’s having commenced court action for an injunction without previously notifying the alleged offender; that customarily the owner is given notice of the violation and is granted a delay in which he can either comply or negotiate with the Zoning Board of Appeal and Adjustment for a variation. These defendants received no notice from the Department of Regulatory Inspection regarding the zoning violation until after the instant suit was instituted and just a day or two prior to its actual trial.
In view of the aforementioned facts and circumstances we are forced to conclude that the present action constitutes an unfair, unjust and illegal discrimination as to these defendants and that the injunctive relief sought against them should not be granted until and unless the regulatory measures under consideration are enforced in like manner as to all other persons similarly situated.
For the reasons assigned the judgment appealed from is reversed and set aside and plaintiff’s suit is dismissed.
McCALEB, J., concurs in the decree, assigning written reasons.