LOTTINGER, Judge.
This is a rule filed by the sheriff of Terrebonne Parish against the custodian of property under a writ of fieri facias to show cause why certain property which was in the care of the custodian but which was subsequently released by the custodian pri- or to judicial sale should not be returned to the sheriff or, alternatively, why the custodian should not be held in contempt of court for allowing the property to escape from his custody.
The trial court held that the custodian, Claude P. Boudreaux,[1] must either return the property or be held in contempt of court. Mr. Boudreaux appeals from the trial court’s decision, questioning whether summary process was the correct form of proceeding in this matter and further questioning whether he can be held in contempt of court for allowing property under seizure to escape from his custody prior to judicial sale.
The background posture of this case is important to show the context in which the rule was filed. Oakshire Realty Company instituted an action against Bowman Business College for rents due under a lease agreement between the two parties. Subsequently, a writ of sequestration was issued in the case and all the movable property on Bowman’s premises was seized and inventoried by the Terrebonne Parish sheriff’s office. Mr. Boudreaux was appointed custodian of the property under the writ of sequestration.
Afterwards, a default judgment was entered and confirmed against Bowman in the sum of $31,100.00, representing the rents due and owing under the lease contract. A writ of fifa was later issued, the property was reinventoried and Mr. Boudreaux was again appointed custodian.
Mr. Boudreaux claims that after the writ of sequestration was issued but before the writ of fifa was issued, he allowed the company which owned a computer leased to Bowman Business College to remove the computer from the Bowman premises. The computer was one of the items listed on the inventories for the sequestration and the fifa. The deputy who took the inventory claims that the computer was on the Bowman premises when the inventory was taken for both writs.
Mr. Boudreaux was appointed appraiser of the property, along with another person appointed on behalf of the defendant, and the property was appraised for $10,00.00. After advertisement according to law, Statewide Trailer Sales, Inc. purchased the property for $9,500.00, more than two-thirds of its appraised value. Employees of Statewide Trailer Sales, Inc. attempted to obtain the property the night of the sale, but found that only some of the property on the inventory was present on the Bowman premises. The major item missing was the computer which Mr. Boudreaux claims he had previously released to the company which owned the equipment.
The sheriff then filed this rule against Mr. Boudreaux as custodian to show cause why Mr. Boudreaux should not either produce the property or be held in contempt of court. As stated previously, the trial judge ruled in favor of the sheriff and ordered Mr. Boudreaux to produce the property or to show cause in ten days why he should not be held in contempt. This appeal was timely taken.
We are willing to concede for the purposes of this appeal that the sheriff has a cause of action against the custodian for return of the property in question. We also agree with the plaintiff-in-rule that summary process is the correct way to proceed in a move to hold defendant-in-rule guilty of contempt. La.C.C.P. art. 225. However, *666 we disagree with the trial court’s holding that Mr. Boudreaux can be held in contempt of court in this case. The testimony at the trial on rule shows there is no way for Mr. Boudreaux to retrieve the property he allowed to escape from his custody. The property has since been re-leased to another company by the owner of the computer. Mr. Boudreaux has no way of obtaining the property at this time. Requiring him to obtain the property or otherwise be held in contempt of court would be requiring him to do a vain and useless thing, which this court will not allow. Whether and to what extent Mr. Boudreaux should be held liable for damages is an issue that will have to be determined in other proceedings.
Therefore, for the above and foregoing reasons, the decision of the trial court is reversed. Plaintiff-in-rule will pay the costs of this appeal.
REVERSED.

. Mr. Boudreaux, an attorney, is President of Oakshire Realty Company and represented Oakshire in the seizure.