FORET, Judge.
Plaintiffs filed a rule for contempt directing defendant in rule, Joseph Miller, to show cause why he should not be held in contempt for failure to obey a preliminary injunction and permanent injunction issued by the Fifteenth Judicial District Court. The rule also requested damages and attorney’s fees.
Following a hearing, the trial judge found that defendant had committed a contempt of court. However, the court imposed no penalties because, as of the date of the hearing, defendant had complied with the injunction order. Plaintiffs’ claim for attorney’s fees was rejected. Plaintiffs appeal the judgment insofar as it denied their claim for attorney’s fees.
The record reveals that on December 6, 1977, the Fifteenth Judicial District Court issued a preliminary injunction enjoining defendant Miller from violating restrictive covenants affecting his property. A permanent injunction was issued September 1, 1978. The injunction prohibited defendant from using his property for commercial purposes in connection with his “street fair” business. Defendant perfected a devolutive appeal from the court’s order issuing the injunction. This Court affirmed the trial court’s ruling by judgment rendered May 23, 1979. Gwatney v. Miller, 371 So.2d 1355 (La.App. 3 Cir. 1979). On August 2, 1979, plaintiffs instituted this contempt action to force defendant to comply with the injunction.
The only issue presented by this appeal is whether the trial court erred in refusing to award plaintiffs attorney’s fees incurred in bringing the contempt action.
The general rule is that attorney’s fees are not allowed except where authorized by statute or contract. Nassau Realty Co., Inc. v. Brown, 332 So.2d 206 (La. 1976); General Motors Acceptance Corporation v. Meyers, 385 So.2d 245 (La. 1980). Appellants cite no statutory provision which specifically provides for the allowance of attorney’s fees in a contempt action. Appellants contend that the court may award attorney’s fees under C.C.P. Article 3611, which provides:
“Art. 3611.
Disobedience of or resistance to a temporary restraining order or preliminary or final injunction is punishable as a contempt of court. The court may cause to be undone or destroyed whatever may be done in violation of an injunction, and the person aggrieved thereby may recover the damages sustained as a result of the violation.”
Although the article allows the court to award damages to the aggrieved party, it does not provide for the allowance of attorney’s fees. The trial judge did not err in rejecting plaintiffs’ demand for attorney’s fees since their recovery was not provided for by statute or contract.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against plaintiffs-appellants.
AFFIRMED.