428 So.2d 1092 (1983)
TERREBONNE PARISH POLICE JURY
v.
Allen J. KELLY and Ernest A. Kelly.
No. 82 CA 0424.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
Herbert W. Barnes, Houma, for plaintiff and appellant.
Ernest A. Kelly, Houma, for defendants and appellees.
Before COVINGTON, LANIER and ALFORD, JJ.
ALFORD, Judge.
This is an appeal from a judgment of the 32nd Judicial District Court dismissing plaintiff's expropriation suit and awarding attorney's fees to defendants. Plaintiff-appellant, Terrebonne Parish Police Jury, filed suit on October 23, 1981, seeking to expropriate certain property belonging to defendants-appellees.
*1093 A review of the circumstances leading up to this appeal is necessary to fully understand the issues presented. The Terrebonne Parish Police Jury, for whatever reason, failed to secure a right-of-way prior to excavating a drainage canal across appellees' land. In an action entitled, Allen J. Kelly, et al. v. Terrebonne Parish Police Jury, in the 32nd Judicial District Court, Parish of Terrebonne, appellees successfully sought to have their possession recognized, to have appellants enjoined from disturbing their possession and to have appellants ordered to fill in the ditch. This judgment was signed on May 7, 1981, and in it, the police jury was ordered to have the ditch filled in within six months of the signing of the judgment. Prior to the expiration of the six month period, appellant filed the expropriation suit at issue in this appeal.
Appellees excepted to the expropriation petition on the grounds of prematurity and res judicata. Trial of this matter was set for November 20, 1981, at which time the trial judge decided to continue the matter for thirty days in order to review the record in the former possessory action which served as the basis of appellees' exception of res judicata. The trial was resumed on February 4, 1982, but was again continued, this time for a period of ninety days in order to allow counsel for appellant to get a clarification and/or amendment of the judgment in the possessory action, or to apply to the Court of Appeal for relief.
The trial judge in the possessory action denied appellants' motion to amend the judgment. In addition to filing the above mentioned motion, appellant attempted to deposit in the registry of the 32nd Judicial District Court what it considered to be funds sufficient to adequately compensate Allen J. Kelly for his interest in the property being expropriated. The trial judge ordered all parties to show cause on March 26, 1982, why the deposit should or should not be allowed. Appellees next filed a motion for contempt based on appellant's attempted deposit which was also scheduled to be heard on March 26, 1982.
A reading of the transcript of the March 26th trial reveals that the trial judge dismissed the expropriation suit based on his belief that the injunction issued in the possessory action was broad enough to ban the police jury from bringing the expropriation suit. Additionally, the trial judge awarded Allen J. Kelly attorney's fees in the amount of $7,250.00.
Two issues are presented on this appeal. First, does the existence of an injunction prohibiting appellant from disturbing appellees' peaceable possession, prevent appellant from filing an expropriation suit; and second, did the trial judge err in awarding attorney's fees?
Appellant argues that the trial judge erred in determining that the injunction issued in the possessory action was valid and enforceable. This Court does not reach this question in this appeal in that it is unnecessary to a resolution of the issues presented. The Court is of the opinion that regardless of whether the injunction is overly broad or not, a party can not be enjoined from bringing a suit which it has a right to bring. Muller v. Landry, 170 So.2d 922 (La.App. 3rd Cir.1965). (cf. Lenfants Caterers, Inc. v. Firemen's Charitable and Benevolent Association of New Orleans, 386 So.2d 1053 (La.App. 4th Cir.1980) wherein a tenant was not allowed to prevent the filing of eviction suit by means of injunction.) The constitution and laws of Louisiana grant parish governing authorities (police juries) the power to expropriate private property for public purposes. La. Const. of 1974, art. I, § 4; La.R.S. 33:1236(13); La. R.S. 19:2(1).
Appellees assert that the Terrebonne Parish Police Jury should not be allowed to maintain this expropriation suit because it has failed to comply with the final judgment against it in the possessory action suit referred to hereinabove, and that it "has come into court in these proceedings with `unclean hands' ...", citing City of New Orleans v. Levy, 233 La. 844, 98 So.2d 210 (1957); Crescent River Port Pilots' Association v. Heuer, 193 So.2d 276 (La.App. 4th Cir.1966); Dipuma v. Dipuma, 136 So.2d 505 (La.App. 1st Cir.1961); and *1094 Fox v. City of Monroe, 131 So. 483 (La.App. 2nd Cir.1930). The doctrine of "clean hands" is an equity principle that requires that "he who comes into a court of equity must come with clean hands." City of New Orleans v. Levy, supra, 218. However, Louisiana courts can only turn to equity principles to decide cases in the absence of express law. La.C.C. art. 21; Edmonston v. A-Second Mortgage Company of Slidell, Inc., 289 So.2d 116 (La.1974); Chambers v. Parochial Employees' Retirement System of Louisiana, 398 So.2d 102 (La.App. 3rd Cir. 1981), writ denied 400 So.2d 1382 (La.1982). The punishment for wilful disobedience of a lawful judgment in a civil proceeding is expressly provided for in law. La.C.C.P. arts. 224 and 227; La.R.S. 13:4611. As indicated above, the law expressly authorizes a police jury to expropriate private property for a public purpose. Accordingly, the doctrine of "clean hands" is not applicable in this case.
Having determined that the trial judge erred in dismissing the expropriation suit, it follows that he also erred in allowing attorney's fees. LSA-R.S. 19:201 provides that attorney's fees can be awarded, "... if the final judgment is that the plaintiff cannot acquire the real property by expropriation or if the proceeding is abandoned by the plaintiff." In view of our finding that the expropriation proceeding should not have been dismissed, the award of attorney's fees was improper.
The judgment of the trial court dismissing appellant's expropriation suit and awarding attorney's fees is reversed, and the matter remanded for proceedings consistent with this ruling. Costs of this appeal are to be borne by appellees.
REVERSED AND REMANDED.