449 So.2d 568 (1984)
Allen J. KELLY and Ernest A. Kelly
v.
TERREBONNE PARISH POLICE JURY.
No. 83-CA-0523.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
Writ Denied May 25, 1984.
*569 Remy Chiasson, Thibodaux, Ernest A. Kelly, Houma, for plaintiffs and appellants Allen J. Kelly and Ernest A. Kelly.
Herbert W. Barnes, John R. Walker, Asst. Dist. Atty., Houma, for defendant and appellee Terrebonne Parish Police Jury.
Before LOTTINGER, EDWARDS and CARTER, JJ.
EDWARDS, Judge.
Allen J. and Ernest A. Kelly appeal the judgment denying their motion to hold the Terrebonne Parish Police Jury in contempt of court. We affirm.
The Terrebonne Parish Police Jury, appellee, excavated a drainage canal across a certain tract of land co-owned by Allen J. and Ernest A. Kelly, appellants, without first securing a right-of-way. Appellants sued and obtained a judgment, signed on May 7, 1981, enjoining any further disturbances in appellants' possession and ordering the Terrebonne Parish Police Jury to remove the drainage ditch by refilling it to ground level within six months of the date of the judgment, and to pay all costs including certain enumerated expert witness fees.
The Police Jury did not apply for a new trial or appeal that judgment, but, in the words of the trial court, did make "serious and repeated attempts to settle the matter," through September 1, 1981. Two offers to purchase the right-of-way were "met with counter demands and conditions, which demonstrated a refusal to reach a negotiated settlement."[*]
Consequently, on September 16, 1981, the Police Jury authorized its attorney to institute expropriation proceedings. An expropriation suit was filed on October 23, 1981.
Appellants excepted to the expropriation petition on the grounds of prematurity and res judicata. Originally set for November 20, 1981, trial of the exception was continued for thirty days to allow the trial judge in that proceeding to review the record of the former possessory suit. Trial was resumed on February 4, 1982, but again continued, this time for ninety days, to allow the attorney for the Police Jury to obtain either an amendment of the May 7 judgment or supervisory relief from this court.
On March 4, 1982, the Police Jury filed a motion to amend the May 7 judgment, and also attempted to deposit in the registry of the court an amount of money it considered to be sufficient to compensate Allen J. Kelly for his interest in the property being expropriated. The trial judge denied the amendment, but ordered all parties to show cause on March 26, 1982, why the deposit should not be allowed. At the hearing on that date, the trial judge ruled that the May 7 injunction barred the Police Jury from bringing any expropriation proceedings and dismissed the expropriation suit which had been filed on October 23.
The Police Jury appealed. In a decision rendered February 22, 1983, this court reversed that dismissal holding that the Police Jury could not be enjoined from exercising its constitutional and statutory right to expropriate private property for public purposes. Terrebonne Parish Police Jury v. Kelly, 428 So.2d 1092 (La.App. 1st Cir. 1983).
In the meantime, on May 19, 1982, appellants herein filed the present motion which forms the basis of this appeal. They sought to enforce the injunction by holding the Police Jury in contempt for failing to *570 fill the ditch by November 7, 1981, and to recover damages caused by that failure along with reasonable attorney fees and costs. The hearing on the motion was held on June 25, 1982, but the judgment, with written reasons, was not rendered until February 28, 1983, after this court had rendered its decision in Terrebonne on February 22, 1983.
In his reasons for judgment, the trial judge said that the Police Jury's attempted settlement and subsequent institution of expropriation proceedings during the six months following the May 7 order were reasonable and practical actions conducted in good faith. The trial judge then listed three specific reasons why the failure to fill the ditch by November 7 did not constitute contempt of court. First, the Police Jury had satisfied the spirit of the judgment. Second, it did not wilfully disobey the court's order. Third, the Police Jury could properly view the filling of the ditch as an expensive, foolish and vain thing to do, and a waste of taxpayers' money, in light of its pending expropriation suit.
Finally, the court found that the plaintiffs-in-rule failed to carry their burden of proof on the issue of damages, and denied attorney fees and costs.
On appeal, appellants specify four assignments of error in this judgment.
In their third assignment of error, which we shall treat first, appellants contend that the trial court erroneously applied to the facts of this case LSA-C.C.P. art. 224(2), which requires a showing of wilful disobedience of a lawful judgment, order or mandate, rather than art. 3611, which they contend requires a showing of only disobedience or resistance to a permanent injunction, whether wilful or not.
We need not decide this issue. In Oakshire Realty Company, Inc. v. Bowman Business College, Inc., 386 So.2d 664 (La. App. 1st Cir.1980), writ denied, 387 So.2d 596 (La.1980), this court held that a district court could not hold in contempt a custodian of property, seized under a writ of fieri facias, for his failure to return the property to the sheriff after he had released the property to the owner who in turn had leased it to a third party. Requiring him to obtain the property or be held in contempt would be requiring him to do a vain and useless thing, which this court said it will not allow.
The reasoning in Oakshire supports the trial court's judgment here. Indeed, in light of this court's holding in Terrebonne, 428 So.2d 1092, that the police jury's power to expropriate could not be enjoined, the trial court could not under Oakshire lawfully hold the police jury in contempt for failing to do a vain and useless thing. This assignment of error, therefore, lacks merit.
In their first assignment of error, appellants contend that by denying their contempt motion, the trial court allowed the Police Jury to collaterally attack the May 7 order by instituting expropriation proceedings and effectively granted a suspensive appeal of that judgment, which had become final and definitive. In their second assignment of error, they contend that the denial likewise effected a modification of the substance of the judgment without procedural authority because appellees had not filed a motion for new trial.
Appellants argue that the May 7 order to refill the ditch is a permanent injunction, or at least ancillary to one, authorized by LSA-C.C.P. art. 3663 and is enforceable under art. 3611 through contempt proceedings.
In American Cyanamid Company v. Roberts, 180 So.2d 810 (La.App. 4th Cir. 1965), the Fourth Circuit Court of Appeal held that a district court has inherent authority to modify or rescind a previously issued permanent injunction. The court reasoned at page 812:
No one can deny the court's inherent power to enforce its injunctive decrees. This authority is not alone dependent upon LSA-C.C.P. art. 3611 which deals with disobedience of, or resistance to, temporary restraining orders, preliminary and final injunctions. We think the power also to modify its decree as conditions warrant, even to the extent of *571 revocation, is equally inherent and logically included in the authority of enforcement. The source of this authority does not lie in specific statutory law. The principle upon which injunctive jurisdiction is founded is one of equity, the basic element of which is protection against irreparable damage or injury, and it is resorted to when there is no adequate remedy at law. By the same principle, if the party enjoined is caused to suffer an irreparable injury or damage by the continued enforcement of the injunctive decree when on account of changed circumstances it has served its intended purpose and is no longer needed, he should in all fairness have recourse to the very court which has enjoined him, and in the same proceeding. (emphasis added).
If a court's authority to enforce its injunctive decrees includes the power to rescind them altogether when the circumstances require, it also includes the lesser power to suspend them for a specific period of time or indefinitely.
Under the circumstances of this case, the trial court could properly consider what effect a successful expropriation suit would have on the necessity of enforcing its previously issued order to fill in the ditch. Again, in light of Terrebonne, the trial court could hardly have done otherwise. Consequently, it did not commit error in denying appellants' motion for contempt, regardless of the denial's suspensive effect.
Assignments of error numbers one and two lack merit.
In their final assignment of error, appellants contend that the trial court erred in failing to award damages and attorney fees. After fully reviewing the evidence submitted at the hearing, we cannot say that the trial court was clearly wrong in finding that the appellants failed to carry their burden on the issue of damages. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Attorney fees are not recoverable in any event. Gwatney v. Miller, 386 So.2d 198 (La.App. 3rd Cir.1980).
We do not speculate on appellee's success in the expropriation suit, nor offer appellants advice on the appropriate procedural response should appellee ultimately fail in that suit. We do note, however, that the institution of contempt proceedings is only one of three methods of executing judgments other than money judgments listed under LSA-C.C.P. art. 2502, and that a judgment creditor may even obtain specific performance by the sheriff or some other person appointed by the court under art. 2504.
For the foregoing reasons, the judgment is affirmed. All costs of these proceedings are to be paid by the appellants.
AFFIRMED.
NOTES
[*] The first offer of $5,000.00 for the right-of-way was rejected by a letter dated July 24, 1981, from Ernest, counsel on behalf of himself and Allen. In that letter he made a counteroffer to sell the right-of-way for $100,000.00 in damages, plus costs of the proceedings, subject to the condition that the Police Jury name the ditch "The _____ Memorial Sewerage Ditch." The name of the president of the Terrebonne Parish Police Jury at the time the drainage ditch was dug was to be inserted within the blank. The second offer of $7,000.00 made in August was rejected by letter dated September 2, 1981, reurging the demands of the previous letter.