ROSEMARY LEDET, Judge.
| iThis is a boundary dispute. The sole issue presented on appeal is whether the trial court erred in granting the motion filed by the Plaquemines Parish Government (“PPG”) for limited suspension of a consent judgment, which granted a preliminary injunction, to permit the Belle Chasse Drainage District (“BCDD”) to file an expropriation suit. Finding no error, we affirm.
STATEMENT OF THE CASE
On June 14, 2012, James H. Hooper Jr. and Patsy Spencer Hooper (the “Hoo-pers”) filed a verified petition to confirm boundary, for possessory action, for damages and for injunctive relief against Hero Lands Company, Allen Hero, and PPG (collectively the “Defendants”). The Hoo-pers’ petition contained the following allegations:
• In October 1992, the Hoopers purchased property, which included a 120 foot strip of land, from Burmaster Land & Development Co., Inc. However, this strip was not described in any title and was in between the title descriptions of lots 26 and 27, (hereinafter referred to as the “Undescribed Property”).
*693 • From at least 1950 to the present, the owners of lot 26 possessed as owner all of the Undescribed Property up to a fence line, the “boundary line,” which ran and presently runs along the entire length of the property.
• On February 5, 2012, PPG, without notice or permission from the Hoo-pers, cut the Hoopers’ fences to gain access, trespassed on their property, and cleared their trees and other vegetation on a thirty-five foot strip within the |j>Undescribed Property.[1] PPG also brought equipment on the property preparatory to digging a drainage canal.
• After Mr. Hooper wrote PPG a letter on February 9, 2012 stating that the Hoopers own the Undescribed Property, PPG removed its equipment, repaired the fence, and discontinued work on the drainage canal.
• In March 2012, Mr. Hero sent the Hoopers a letter asking them to remove their fence from Hero Lands Company’s property, the Undescribed Property.
• The Hoopers sought a judgment establishing that the Undescribed Property is their property and the Defendants have no right to the property so that the prior disturbances of possession were threatened or actual trespass
• The Hoopers also sought a temporary restraining order and preliminary injunction, enjoining the Defendants, during the pendency of this suit, from interfering with the Hoopers’ possession and enjoyment of the Unde-scribed Property up to the boundary fence line.
The same day the suit was filed, the trial court granted the temporary restraining order (“TRO”), which stated that pending a hearing -on the motion for preliminary injunction the Defendants are prohibited and enjoined from interfering with the Hoopers’ possession and control of the Un-described Property up to their fence, the boundary line. On June 20, 2012, the trial court entered a consent judgment granting a preliminary injunction, which stated that pending a trial on the merits the Defendants are prohibited and enjoined from interfering with the Hoopers’ possession and control of the Undescribed Property.
On August 9, 2012, the Plaquemines Parish Council (the “Council”) adopted Resolution No. 12-240, which stated:
A resolution to authorize Plaquemines Parish Government, as and on behalf of the Belle Chasse Drainage District, to expropriate, if necessary, the perpetual 35 foot drainage servitude covering 48,-963 sq. feet of land located in Section 30, Township 14 South, Range 24 East, in Plaquemines Parish and in Jefferson Parish from landowners |sfor appraised fair market value for drainage and, flood protection purposes; and to provide otherwise with respect thereto.
On September 20, 2012, the Hoopers filed a second amended petition alleging:
• Despite the pendency of this litigation and while the preliminary injunction was in full force and effect, PPG secretly and without notice to petitioners introduced and passed Resolution No. 12-240, which provided for the expropriation of the Hoopers’ property.
• The Hoopers have due process and other constitutional rights to notice *694 that expropriation would be proposed to the Council.
• The Hoopers should have been given an opportunity to appear and argue against Resolution 12-240, including but not limited to arguments that the drainage canal was unnecessary, it should have been in a different location, and the location of the servitude should not have been dependent on the will of the Hero defendants.
• The Hoopers are entitled to a judgment setting aside Resolution 12-240 and an injunction against expropriation during the pendency of the preliminary injunction, and at least until there is proper notice and a hearing.
On February 8, 2013, PPG filed a Motion for Limited Suspension of Consent Judgment Granting Preliminary Injunction, (hereinafter “Motion for Limited Suspension”), for the limited purpose of allowing the Belle Chasse Drainage District (the “BCDD”) to file a petition for expropriation. PPG alleged that BCDD is authorized by Article I, Section 4 of the Louisiana Constitution of 1974,[2] by Title 38 of the Louisiana Revised Statutes, Sections 351-396 inclusive,[3] |4and by Resolution No. 12-240 to expropriate the thirty-five foot strip of land for. a drainage servitude. PPG further alleged that the Consent Judgment was not intended to preclude BCDD from exercising its lawful rights to proceed with filing an expropriation proceeding. PPG still further alleged that a party cannot be enjoined from bringing a suit which it has a right to bring.[4]
PPG attached a draft of BCDD’s petition for expropriation with its motion. BCDD’s petition for expropriation, which was filed against both the Hoopers and Hero Lands Company, alleged the following:
• Both the Hoopers and Hero Lands Company claim possession and ownership of the thirty-five foot strip of property that is necessary for constructing a drainage canal.
• Because of the ongoing possession and ownership dispute between the defendants, BCDD has been unable to make an offer to purchase the property and it has now become necessary for BCDD, through PPG, to expropriate the property for the needed drainage canal.
• The just compensation to which either one or both defendants are entitled to for the property was estimated by two licensed Louisiana appraisers. PPG *695 has deposited in the registry of the court the highest estimated fair market value of the property to be used for the drainage servitude.
On March 5, 2013, the Hoopers filed an opposition to PPG’s Motion for Limited Suspension. The Hoopers stated that PPG voluntarily consented to a preliminary injunction with the purpose to maintain the status quo pending trial on | sthe merits. However, PPG filed a motion to modify the injunction so that an expropriation suit can be filed to expropriate precisely the thirty-five foot strip of land in the middle of the Hoopers’ possession that this injunction was intended to protect. Further, expropriation of this strip would irreparably harm their use of their property on both sides of the strip.
On March 11, 2013, the trial court granted PPG’s Motion for Limited Suspension and designated the judgment as a final judgment for purposes of appeal under La. C.C.P. art.1915. This appeal followed.
STANDARD OF REVIEW
The appellate court should not overturn the dissolution of a preliminary injunction absent a clear abuse of the trial court’s great discretion. Moreteo, Inc. v. Plaquemines Parish Council, 12-0430, p. 7 (La.App. 4 Cir. 3/6/13), 112 So.3d 287, 290, writ denied, 13-0724 (La.5/17/13), 118 So.3d 376 (citing FQCPRQ v. Brandon Investments, L.L.C., 05-0793, p. 3 (La.App. 4 Cir. 3/29/06), 930 So.2d 107, 109). “That broad standard is, of course, based upon a conclusion that the trial court committed no error of law and was not manifestly erroneous or clearly wrong in making a factual finding that was necessary to the proper exercise of its discretion.” Yolcum v. Pat O’Brien’s Bar, Inc., 12-0217, p. 6 (La.App. 4 Cir. 8/15/12), 99 So.3d 74, 80; citing South East Auto Dealers Rental Ass’n, Inc. v. EZ Rent To Own, Inc., 07-0599, pp. 4-5 (La.App. 4 Cir. 2/27/08), 980 So.2d 89, 93.
DISCUSSION
On appeal, the Hoopers raise two main assignments of error: (i) the trial court erred in granting the Motion for Limited Suspension, and (ii) the trial court erred in failing to continue the hearing on the Motion for Limited Suspension.

(i) Motion for Limited Suspension

| fiThe Hoopers contend that the trial court should not have considered, much less granted, the Motion for Limited Suspension to allow BCDD to file the expropriation suit. The Hoopers contend that Resolution No. 12-240 was obtained secretly and without modification of the preliminary injunction. The Hoopers contend that Resolution 12-240 is a disturbance in law, preparatory to a disturbance in fact under La. C.C.P. art. 3659,[5] and that it should be undone pursuant to La. C.C.P. 3611.[6]
*696 The Hoopers contend that because they owned the thirty-five foot strip of land BCDD sought to expropriate, they were entitled to notice of the Council meeting and an opportunity to oppose Resolution 12-240 at that meeting. The Hoopers contend that due process of law requires an opportunity for “some kind of hearing” prior to the deprivation of a significant liberty or property interest. Wilson v. City of New Orleans, 479 So.2d 891, 902 (La.1985). The Hoopers contend that |7they would have opposed adoption of Resolution 12-240 on the basis that it was unnecessary, it should have been in a different location, and the location should not have been dependent on the will of the Hero defendants.
PPG counters that BCDD was not a party to this case and thus not a party to the consent judgment. Therefore, the trial court could not prevent BCDD from taking an action to expropriate the thirty-five foot strip of land for drainage purposes. PPG further notes that even if BCDD was a party to the proceedings, the Consent Judgment did not bar it from pursuing authorization from the Council to file an expropriation action. In support, PPG cites Terrebonne Parish Police Junj v. Kelly, 428 So.2d 1092, 1093 (La.App. 1st Cir.1983) for the proposition that “[a] party cannot be enjoined from bringing a suit which it has a right to bring.”
PPG further counters that Resolution 12-240 was adopted by the Council in accordance with the Open Meetings Law, La. R.S. Title 42, Ch. 1-A. Notice of the August 9, 2012 Council agenda was published on the Plaquemines Parish website, and the agenda that listed Resolution 12-240 was posted on the door of the meeting hall no later than 24 hours before the meeting.[7] The Hoopers, PPG argues, were not entitled to any further notice of the meeting.
|SPPG still further counters that in adopting Resolution 12-240, the Council only authorized the filing of an expropriation proceeding by a drainage district as required by the Plaquemines Parish Charter for Local Self-Government. Resolution 12-240 was not an administrative hearing that affected any property rights. Further, PPG contends that the time and place to challenge the location or purpose of BCDD’s expropriation is before the judge in the expropriation suit.
Parish governing authorities have the power under the constitution and statutes to expropriate private property for public purposes. La. Const, art. I § 4; La. R.S. § 33:1236.[8] In particular, La. R.S. *697 § 38:351 et seq., provides that drainage districts, such as BCDD, can institute expropriation proceedings against landowners, such as the Hoopers or Hero Lands Company, to acquire the necessary property for drainage and flood protection purposes. According to La. R.S. § 38:352, a drainage district filing an expropriation suit shall include with its petition a resolution for expropriation.[9] Thus, obtaining a resolution is simply a prerequisite to filing a suit to expropriate property.
|aIn the instant case, the Council declared Resolution 12-240 as “[a] resolution to authorize Plaquemines Parish Government, as and on behalf of the Belle Chasse Drainage District, to expropriate, if necessary, the perpetual 35 foot drainage servitude ...” Resolution 12-240 only authorized BCDD to institute expropriation proceedings, if necessary. As a result of the adoption of Resolution 12-240, the Hoopers have not been deprived of due process — proper notice or an opportunity to be heard. The Hoopers will be given notice and an opportunity to be heard in the expropriation suit. Further, the Hoo-pers do not contend that the Council failed to follow the Open Meeting Laws regarding notice in connection with Resolution 12-240.
Additionally, the Consent Judgment granting the preliminary injunction could not, as a matter of law, operate to prevent BCDD from filing an expropriation suit. The jurisprudence is well settled that an injunction against trespass or damage to real property is not a bar to a proceeding for expropriation of such property. Xavier Realty v. Louisiana Ry. & Nav. Co., 115 La. 343, 39 So. 6 (1905); see also Schumert-Warfieldr-Buja, Inc., v. Buie, 148 La. 726, 87 So. 726, 727 (1921); Levee Const. Co. v. Equitable Cas. & Sur. Co. of New York, 173 La. 648, 651, 138 So. 431, 432 (1931); Terrebonne, 428 So.2d 1092 at 1093.
The facts in the instant case are similar to the facts in the Terrebonne case. In Terrebonne, the parish police jury failed to secure a right-of-way before excavating a drainage canal over the Kellys’ land. 428 So.2d at 1093. The Kellys filed suit and were successful in having their possession recognized, having the police jury enjoined from disturbing their possession, and having the police jury ordered to fill in the ditch within six months. Before the expiration of the six month period, the police jury filed an expropriation suit without seeking | ^modification of the injunction. Id. On appeal, the Kellys argued that the injunction prohibited the police jury from disturbing their peaceable possession by filing an expropriation suit. Id. The appellate court, however, found that the Louisiana constitution and laws grant parish governing authorities the power to expropriate private property for public purposes. Id. In so finding, the appellate court held that the police jury could not be enjoined from bringing a suit that it had a right to bring. Id.; Muller v. Landry, 170 So.2d 922 (La.App. 3rd Cir.1965) (cf. Len- *698 fcents Caterers, Inc. v. Firemen’s Charitable and Benevolent Association of New Orleans, 386 So.2d 1053 (La.App. 4th Cir. 1980) (tenant could not prevent the filing of an eviction suit through an injunction)).
The Hoopers contend that Terrebonne is distinguishable from this case because in Terrebonne there was only one person claiming ownership and possession, where as in this case two parties are claiming ownership. Regardless of who owns the property, BCDD still has the right to file an expropriation suit. BCDD filed the expropriation petition against both the Hoopers and Hero Lands Company; thus, both parties will be given notice and an opportunity to be heard. Furthermore, whoever is declared the rightful owner will obtain the funds BCDD put in the court’s registry. We thus find the Hoopers attempt to distinguish the Terrebonne case unpersuasive.[10]
By analogy to the Terrebonne case, in this case the Hoopers obtained a preliminary injunction by a consent judgment enjoining PPG from interfering with their property. BCDD, through PPG, filed an expropriation suit for that same |; property. Although PPG obtained permission from the trial judge to suspend the injunction to file suit, such permission was not required. As the Terrebonne case held, a party who has a right to bring suit, such as a drainage district, cannot be enjoined from bringing such suit.
As previously noted, the trial court has great discretion in deciding whether to modify an injunction. During the hearing on the Motion for Limited Suspension, the trial court found that the Hoopers would be able to assert all of their arguments against expropriation in the separate expropriation suit. The trial court thus found the Hoopers would suffer no harm by granting the limited suspension. We agree. The trial court did not abuse its discretion in granting the Motion for Limited Suspension to allow BCDD to file the expropriation suit.[11]

(ii) Motion to Continue

The Hoopers contend that the trial court expressed concern over notice to the Hoo-pers and that the trial court and counsel admitted unfamiliarity with the underlying law. The Hoopers thus contend that a thirty-day continuance should have been granted and that the failure to grant a continuance was an abuse of discretion.
PPG counters that there was no legitimate basis for the trial court to grant a continuance and that the trial court correctly found no reason to continue the matter.
 112This court set forth the standard for reviewing a trial court’s decision to grant or deny a motion to continue in State v. Commodore, 00-0076, pp. 5-6 (La. App. 4 Cir. 11/21/00), 774 So.2d 318, 320-21., as follows:
*699 A trial court’s decision to deny or grant a continuance is within its broad discretion and will not be disturbed absent a clear showing of abuse of that discretion. State v. Holmes, 590 So.2d 834 (La.App. 4th Cir.1991); State v. Myers, 584 So.2d 242 (La.App. 5th Cir. 1991), writ denied, 588 So.2d 105 (La. 1991), cert, denied, Myers v. Louisiana, 504 U.S. 912, 112 S.Ct. 1945, 118 L.Ed.2d 550 (1992). The decision whether to grant or deny a motion to continue depends on the circumstances of each particular case. A showing of specific prejudice is generally required to demonstrate that the trial court erred in denying the continuance. State v. Holmes. Where the continuance motion is based on inadequate time for counsel to prepare a defense, this specific prejudice requirement has been disregarded only when the preparation time was “so minimal as to call into question the basic fairness of the proceeding.” State v. Jones, 395 So.2d 751, 753 (La.1981) citing State v. Winston, 327 So.2d 380 (La. 1976). The reasonableness of discretion issue turns upon the circumstances of the particular case. State v. Simpson, 403 So.2d 1214 (La.1981).
In this case, the Motion for Limited Suspension was filed on February 8, 2013, and the hearing was held over a month later on March 11, 2013. The Hoopers had adequate time to prepare and did not state any circumstances that prevented them from preparing. On the other hand, the Defendants noted that they needed a quick ruling on the motion so that they could begin expropriation proceedings to alleviate flooding for the upcoming hurricane season. Given these circumstances, we find no abuse of discretion in the trial court’s decision denying the Hoopers’ motion to continue.

DECREE

For the forgoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. However, PPG stated that Mr. Hero had given PPG permission to come onto the Unde-scribed Property and clear the land for a drainage servitude in order to alleviate flooding.

. La. Const, art. I § 4 provides:
(A) Every person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property. This right is subject to reasonable statutory restrictions and the reasonable exercise of the police power.
(B)(1) Property shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit....

. La. R.S. § 38:351 provides:
Notwithstanding any other law to the contrary, and in addition to the methods and procedures for acquisition or utilization of servitudes for levee and related purposes by levee districts and levee and drainage districts, whenever any levee district or levee and drainage district cannot appropriate or amicably acquire immovable property needed for levee purposes, including but not limited to flooding and hurricane protection purposes, or integrated coastal protection projects, the levee district or levee and drainage district may acquire the property by expropriation prior to judgment in accordance with the provisions of this Part. The method of expropriation provided by this Part shall be authorized for corporeal property and servitudes and for both riparian and nonriparian property.

.In support, PPG cited Terrebonne Parish Police Jwy v. Kelly, 428 So.2d 1092, 1093 (La. App. 1st Cir.1983).

. La. C.C.P. art. 3659 provides:
Disturbances of possession which give rise to the possessory action are of two kinds: disturbance in fact and disturbance in law.
A disturbance in fact is an eviction, or any other physical act which prevents the possessor of immovable property or of a real right therein from enjoying his possession quietly, or which throws any obstacle in the way of that enjoyment.
A disturbance in law is the execution, recordation, registry, or continuing existence of record of any instrument which asserts or implies a right of ownership or to the possession of immovable property or of a real right therein, or any claim or pretension of ownership or right to the possession thereof except in an action or proceeding, adversely to the possessor of such property or right.

. La. C.C.P. art. 3611 provides:
*696 Disobedience of or resistance to a temporary restraining order or preliminary or final injunction is punishable as a contempt of court. The court may cause to be undone or destroyed whatever may be done in violation of an injunction, and the person aggrieved thereby may recover the damages sustained as a result of the violation.

. La. R.S. § 42:19 provides:
A. (l)(a) All public bodies, except the legislature and its committees and subcommittees, shall give written public notice of their regular meetings, if established by law, resolution, or ordinance, at the beginning of each calendar year. Such notice shall include the dates, times, and places of such meetings.
(b)(i) All public bodies, except the legislature and its committees and subcommittees, shall give written public notice of any regular, special, or rescheduled meeting no later than twenty-four hours before the meeting.
(ii)(aa) Such notice shall include the agenda, date, time, and place of the meeting. The agenda shall not be changed less than twenty-four hours prior to the meeting.

. La. R.S. § 33:1236(13) provides:
The police juries and other parish governing authorities shall have the following powers:
(13) To construct and maintain drainage, drainage ditches, and drainage canals; to *697 open any and all drains which they may deem necessary and to do and perform all work in connection therewith; to cut and open new drains, ditches and canals, to acquire lands for necessary public purposes, including rights of way, canals and ditches by expropriation, purchase, prescription or by donation ...

. La. R.S. § 38:352 provides:
(3) The petition shall have annexed thereto the following:
(a) A certified copy of a resolution adopted by the governing authority of the levee district or levee and drainage district, with the concurrence of not less than two-thirds of a quorum, declaring that the expropriation is necessary or useful for the purposes of this Part.

. The Hoopers also argue that the expropriation suit was prematurely filed, as BCDD did not wait until the passage of delay for new trial and suspensive appeal from the granting of the motion before filing the expropriation suit. Because a party cannot be enjoined from filing a suit for expropriation, this argument lacks merit. Furthermore, arguments about prematurity of the expropriation suit can be filed with the trial court that hears the expropriation suit.

. In their reply brief, the Hoopers argue that the Motion for Limited Suspension should be set aside because ordinary procedure should have been used by the trial court rather than summary procedure. However, because this Court finds that the injunction does not bar BCDD from filing an expropriation suit, we do not reach the merits of this argument.