McDonald, j.
|aIn this suit involving the unlawful cutting of foliage without the owners’ consent, the plaintiffs Don and Maureen Kahl appeal the trial court’s judgment, awarding damages for the unauthorized cutting of thirty-three camellias, and cite three assignments of error. The Kahls contend that the trial court erred in granting summary judgment and motion in limine in favor of the defendants when the court held that the Kahls’ camellias were shrubs and not trees, despite the opinion of the Kahls’ expert arborist, James L. Culpep-per, and other evidence to the contrary, thus preventing the Kahls from presenting this evidence to the jury.
It is the responsibility of the judge to instruct the jury as to what laws are applicable to a case before it. In this case, the Kahls had instituted suit alleging a violation of Louisiana Revised Statute 3:4278.1, the Timber Piracy Statute.[1] In *1103 the trial judge’s opinion, the camellias at issue were shrubs and not trees, therefore, he determined that La. R.S. 3:4278.1 would not be implicated. However, because the determination of whether the camellias were shrubs or trees should have been given to the jury, and a finding that the camellias were trees possibly implicated La. R.S. 3:4278.1, we find legal error on the part of the judge requiring us to conduct a de novo review of that issue.[2]

FACTS AND PROCEDURAL BACKGROUND

Don and Maureen Kahl are owners of residential property located in Cottonwood Subdivision at 2436 Cottonwood Street in Baton Rouge, Louisiana. The Kahls bought the property on August 30, 2007, for $148,000.00. On the south and eastern borders of the Kahls’ property there were 33 Camellia Sasanquas (camellias). According to Mrs. Kahl, the Kahls purchased the property because they fell in love with the lot and because they loved the camellias. They intended |4to build their dream home on the lot. However, the Kahls did not begin construction of their home until April, 2008, nearly seven (7) months after they purchased the property. The camellias located on the eastern portion of the Kahls’ property bordered their neighbors, Jan and Larry Luster. The camellias on the southern portion of the Kahls’ property bordered the property of their neighbor, Frances Borghardt.
Mrs. Luster testified that the Lusters pruned the camellias bordering their property on two occasions before the incident at issue because they had grown unwieldy and overgrown with vines. Mrs. Luster further testified that by 2007 the camellias had not been pruned in years and required work, because they had poison ivy, trumpet vine, and Virginia creeper running through them. In early 2008, the Lusters and Ms. Borghardt cut back the camellias for a third time. They were unaware that the property had been sold to the Kahls.
The Kahls contend that the Lusters trespassed on their property without consent, and willfully and intentionally cut, felled, removed, and destroyed thirteen (13) camellias on the eastern border of their property. Additionally, the Kahls contend that Ms. Borghardt also trespassed, and cut down twenty (20) camellias on the southern portion of their property without consent.
The plaintiffs brought suit pursuant to Louisiana Revised Statute 3:4278.1. After trial on July 5-7, 2011, the jury returned a verdict in favor of the Kahls. The Kahls were awarded $25,000.00 in damages, based on a $20,000.00 award for economic damages and a $5,000.00 award for trespass damages. However, the jury denied the Kahls an award for invasion of privacy and loss of gratification of physical enjoyment and lifestyle.

DISCUSSION

As stated earlier, the Kahls’ first assignment of error alleged that the trial court should have let the jury hear evidence regarding whether the camellias were |Bshrubs or trees, and as noted, we agree. The question of whether the camellias were shrubs or trees in the context of this matter is a mixed question of law and fact that should have been determined by the jury. As the case now stands, we will have to make that determination. The initial decision by the trial court of whether the camellias at issue were shrubs or *1104 trees was for the purpose of deciding whether the “timber trespass” or “timber piracy” statute would be applicable in this case.
Louisiana Revised Statute 8:4278.1[3] provides in relevant part:
A. It shall be unlawful for any person to cut, fell, destroy, remove, or to divert for sale or use, any trees, or to authorize or direct his agent or employee to cut, fell, destroy, remove, or to divert for sale or use, any trees, growing or lying on the land of another, without the consent of, or in accordance with the direction of, the owner or legal possessor, or in accordance with specific terms of a legal contract or agreement.
B. Whoever willfully and intentionally violates the provisions of Subsection A shall be liable to the owner or legal possessor of the trees for civil damages in the amount of three times the fair market value of the trees cut, felled, destroyed, removed, or diverted, plus reasonable attorney’s fees.
C. Whoever violates the provisions of Subsection A in good faith shall be liable to the owner or legal possessor of the trees for three times the fair market value of the trees cut, felled, destroyed, removed, or diverted, if circumstances prove that the violator should have been aware that his actions were without the consent or direction of the owner or legal possessor of the trees.
The factual determination of whether the Kahls’ camellias were shrubs or trees is immaterial except as it contributes to the legal determination of whether the statute under which the Kahls initiated their lawsuit is applicable to the matter. We consider the discussion of the statute by the supreme court in Sullivan v. Wallace, 10-0388 (La.11/30/10), 51 So.3d 702. The issue before the court in Sullivan concerned a co-owner rather than a neighbor, but the discussion of the statute is informative.
| fiIn Sullivan, the supreme court considered whether a co-owner of timberland can be liable to his fellow co-owners for treble damages under La. R.S, 3:4278.1 when he cuts and sells the timber without the co-owners’ consent. Id. at 703. The court reiterated that the Timber Piracy Statute, due to the treble damages and attorney’s fees awards, is clearly a punitive statute and, therefore, must be strictly construed, citing Hornsby v. Bayou Jack Logging, 04-1297 (La.5/6/05), 902 So.2d 361, 369. Under a strict reading of the statute’s language the court reasoned that the statute is violated only when “any person” acts with respect to trees growing or lying “on the land of another” and when this action is taken without “the consent of ... the owner or legal possessor.” Sullivan, 51 So.3d at 709. The court found the statute inapplicable because, when viewed in light of its proper construction, the statute applied to actors other than an owner.
While we do have third persons acting here, and without the consent of the owner, ultimately we find that the statute is not applicable, and that the damages awarded in this case are appropriate. Initially, we note that the Kahls’ neighbors did not “willfully and intentionally” violate the provisions of La. R.S. 3:4278.1. Section C of the statute applies to persons in good faith. According to Mrs. Luster, the camellias had already been pruned twice *1105 before the current pruning. The circumstances here clearly supported a belief that the Kahls’ neighbors were in good faith. Additionally, the circumstances do not prove that the Lusters and Ms. Borghardt “should have been aware that [their] actions were without the consent” of the owner, because they had cut the bushes back on two prior occasions without any objection.
Generally, camellias are ornamental flowering bushes used in landscaping. The majority of the evidence referred to the camellias as “shrubs,” although some included a reference to “trees.” However, the testimonial evidence indicated that the camellias posed a nuisance to the neighbors and had grown to a height one does |7not associate with a shrub. Nevertheless, camellias are not grown as “timber.” The purpose for which the legislature enacted La. R.S. 3:4278.1 relates to loggers and harvesting of timber, none of which is at issue here.
After reviewing all of the evidence, we agree with the trial court that camellias are “shrubs.” In fact, we believe the trial court’s determination indicates the common view of the majority of people’s consideration of the issue. As noted, the Kahls’ camellias were of a substantial height, and they may choose to let the replacement camellias they were awarded grow to that height again, but regardless of their height, they will not be “trees” within the meaning of La. R.S. 3:4278.1.
As noted by the supreme court, the legislative purpose of the Timber Piracy Statute is well documented. The court in Sullivan noted:
Furthermore, La.Rev.Stat. 3:4278.1 is found within Title 3 of the Revised Statutes entitled “Agriculture and Forestry,” Chapter 28, entitled “Forests and Forestry” and Part 1 thereof, entitled “Protection and Reforestation.” Section 4278.1 is entitled “Trees, cutting without consent; penalty.” Given this context, the legislative purpose behind La.Rev. Stat. 3:4278.1 is to protect those with interests in trees from loggers who enter their property without permission to harvest timber illegally. [Id.].
Applying the Timber Piracy Statute to protect the foliage of homeowners against the actions of their neighbors in a residential community is inconsistent with legislative intent. The defendants in this action are not loggers, nor are they deriving economic benefit from their actions. Neither were they intentionally taking the action because of a dispute with their neighbors. In glaring contrast they are merely neighbors who wrongfully trimmed the plaintiffs’ camellias on several occasions because the owners would not properly maintain their lot. Applying the Timber Piracy Statute in this context leads to an absurd result, conflicts with the legislative intent of the statute, and would result in an unwarranted expansion of its scope.
 |Jn their second assignment, the Kahls contend the court erred in granting the defendants’ second motion in limine, thus denying the Kahls the legal right to present evidence to the jury regarding Mr. Culpepper’s valuation of the camellias. The trial court has great discretion in its consideration of motions in limine. Furlough v. Union Pacific Railroad Company, 33,658 (La.App. 2 Cir. 8/31/00), 766 So.2d 751, 757, writ denied, 2000-2929 (La.1/12/01), 781 So.2d 556. Before trial, Ms. Borghardt and her insurer, Liberty Mutual Insurance Company, filed a motion in limine seeking to exclude evidence from the jury regarding the Kahls’ expert ar-borist’s valuation of the camellias. The court granted the defendants’ motion and limited the valuation of the Kahls’ camellias to the replacement value of $450.00 per plant.
*1106 As noted by the trial court, the general rule in cases where property is damaged due to the fault of another is that the damaged party may recover the cost of restoration “that has been or may be reasonably incurred,” or may elect to recover damages based upon the difference between the value of the property before and after the harm. Roman Catholic Church of Archdiocese of New Orleans v. Louisiana Gas Service Company, 618 So.2d 874, 879-80 (La.1993). The Kahls did not present property valuation evidence and, instead, elected to attempt to recover for the cost of restoration of their camellias.
Initially, the Kahls presented an expert report from Mr. L.D. Kelleher. Mr. Kelle-her’s report concluded that the restoration value for replacing the damaged camellias with 8 to 10 foot camellias was $450.00 per plant, fixing the total replacement value for the thirty-three camellias at $14,850.00. However, the Kahls later sought an estimate from an expert arborist, James L. Culpepper, who offered evidence that the restoration value of the camellias would be $150.00 per foot of height. Based on the approximate height of the camellias and the $150.00 per foot cost to cure value; Mr. Culpepper estimated the value of the camellias to be | g$2,300.00 per plant. Under Mr. Culpepper’s valuation, the total value of the camellias was $77,100.00. However, Mr. Culpepper’s evidence was excluded by the defendants’ motion. In its ruling the trial court relied on the rule articulated by the court in Roman Catholic, supra, that when property is damaged by the fault of another, the plaintiffs may elect to recover the cost of restoration that has been, or may be, reasonably incurred (emphasis added). Applying the general rule, the trial court found that the 8 to 10 foot camellias available, priced at a cost of $450.00 per camellia, were reasonable replacements for the damaged camellias.
The Kahls’ camellias reached heights of approximately 18 feet, however, as noted by the Kahls’ original expert, Mr. L.D. Kelleher, camellias of the species and size destroyed by the Lusters and Ms. Bor-ghardt were not available from commercial growers. Consequently, the trial court’s decision to grant the defendants’ motion in limine excluding Mr. Culpepper’s evidence of the cost to cure value was reasonable and not an abuse' of the trial court’s discretion.
In their third assignment of error the Kahls contend that the jury erred in its award for trespass damages and in its denial of an award for invasion of privacy, loss of gratification of physical enjoyment and lifestyle. A court of appeal may not set aside a jury’s findings of fact absent manifest error or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). In order for an appellate court to reverse a fact finders’ determination, two elements must be satisfied. First, the appellate court must find from the record that no reasonable factual basis exists for the findings of the trial court. Stobart v. State through Department of Transportation and Development, 617 So.2d 880 (La.1993) (See Trinh ex rel. Tran v. Dufrene Boats, Inc., 2008-0824, p. 7 (La.App. 1 Cir. 1/22/09), 6 So.3d 830, 836). Second, the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). Id.
|10The issue to be resolved by the appellate court is not whether the trier of fact was right or wrong, but rather to determine whether the fact finders’ conclusion was reasonable. Id. The reviewing court must remember that if the trial court or jury’s findings are reasonable, the court of appeal may not reverse. In light of the degree of deference afforded to the fact finder, in this case the jury, we cannot say *1107 that the decision to award the Kahls $5,000.00 in trespass damages was clearly wrong. Nor can we say the jury’s failure to award damages for invasion of privacy and loss of gratification of physical enjoyment and lifestyle was clearly wrong.
We find an award of $5,000.00 for trespass damages reasonable. We also find no error with the denial of an award for invasion of privacy and loss of gratification of physical enjoyment and lifestyle.
At the time the camellias were pruned, the Lusters and Ms. Borghardt were not aware of the Kahls. While they trespassed on the property of the lawful owners, they had no way of knowing that the owners would find the pruning of the trees objectionable as they had done it twice before with no adverse reaction. More importantly, the Kahls were not physically disturbed by this trespass, and in fact were unaware of it until they noticed the damage to the camellias. Since they were not physically present at the time of the trespass, denying an award for loss of privacy is not clearly wrong. The jury’s denial of an award for loss of gratification of physical enjoyment and lifestyle will not be disturbed.
For the foregoing reasons, we do not believe La. R.S. 3:4278.1 is applicable to these facts, and we believe the trespass damages are sufficient. Therefore, the August 16, 2011, judgment is affirmed. Costs of this appeal are split equally between the plaintiffs, Don and Maureen Kahl, the defendants, Jan and Larry Luster, and the defendant, Frances Bor-ghardt.
AFFIRMED.
HUGHES, J., concurs in the result.

. Sullivan v. Wallace, 10-388 (La. 11/30/10), 51 So.3d 702, 706 refers to the statute in these terms.

. When a prejudicial error of law skews the trial court’s findings as to issues of material fact, the appellate court is required, if it can, to render judgment on the record by applying law and determining the material facts de novo. Boyd v. Boyd, 2010-1369 (La.App. 1 Cir. 2/11/11), 57 So.3d 1169, and cases cited therein.

. The statute in effect at the time of this cutting was that adopted by the Louisiana Legislature in 1992.