| | | |
|---|---|---|
| JAMES H. HOOPER, JR. AND PATSY HOOPER | * | NO. 2019-CA-0588 |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| HERO LANDS COMPANY, ALLEN HERO, AND THE PARISH OF PLAQUEMINES | * | FOURTH CIRCUIT |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
25TH JDC, PARISH OF PLAQUEMINES
NO. 59-740, DIVISION "A"
Honorable Kevin D. Conner, Judge
* * * * * *
**Judge Roland L. Belsome**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Sandra Cabrina Jenkins, Judge Regina Bartholomew-Woods)

Louis R. Koerner, Jr.
KOERNER LAW FIRM
1204 Jackson Avenue
New Orleans, LA 70130--5130


COUNSEL FOR PLAINTIFF/APPELLANT


Francis J. Lobrano
William A. Schafer
CARVER, DARDEN, KORETZKY, TESSIER, FINN, BLOSSMAN &
AREAUX, L.L.C.
147 Keating Drive
Belle Chasse, LA 70037

George Pivach II
Timothy Thriffiley
PIVACH, PIVACH, HUFFT, THRIFFILEY & DUNBAR, L.L.C.
8311 Highway 23, Suite 104
P. O. Box 7125
Belle Chasse, LA 70037

L.V. Cooley, IV
Assistant Parish Attorney
Plaquemines Parish Government
333 F. Edward Hebert Blvd
Building 100
Belle Chasse, LA 70037


COUNSEL FOR DEFENDANT/APPELLEE


**AFFIRMED**

**WEDNESDAY, DECEMBER 18, 2019**

In this heavily litigated property dispute, Appellants, James H. Hooper, Jr. and Patsy Spencer Hooper, seek review of three amended judgments, which established a property boundary, and dismissed two defendants on partial summary judgment. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

This case arises out of a property dispute near New and Burmaster Streets, in Plaquemines, Louisiana. The dispute concerns the property boundary between Lot 26, owned by Appellants, and Lot 27, owned by Hero Lands Company. The case is saddled with a long and arduous procedural history, which includes multiple appeals. The pertinent facts and procedural history are set forth below.[1]

In 2011, the Plaquemines Parish Government (PPG) requested that Hero Lands donate a servitude on its property in order to dig and maintain a drainage ditch. Once Hero Lands verbally agreed, Mr. Hugh McCurdy, III was hired to survey and identify the servitude. After the land was surveyed, the property was

---

[1] For a more detailed recitation of the factual and procedural history, *see Hooper v. Hero Lands Co.*, 13-0576 (La. App. 4 Cir. 12/11/13), 128 So.3d 691, *writ denied*, 2015-0916 (La. 6/30/15), 168 So.3d 386; *Hooper I, infra., Hooper v. Hero Lands Co.*, 18-CA-0227, 2018 WL 6683211, at *1-2 (La. App. 4 Cir. 12/19/18), *unpub*.

1

cleared in preparation for digging. Claiming they owned a portion of Lot 27 which was cleared by PPG, Appellants filed a verified petition to confirm boundary lines, for possessory action, damages and injunctive relief against Defendants, Hero Lands, Allen Hero, PPG and Mr. McCurdy.[2]

After a hearing on cross-motions for summary judgment, the trial court issued a partial summary judgment setting the property boundary lines between Lots 26 and 27, resulting in each property being 204.077 feet[3] wide.[4] At a later hearing, the trial court granted two separate partial summary judgments in favor of Defendants, PPG and Mr. McCurdy, dismissing Appellants' trespass claims pursuant to La. R.S. 3:4278.1.

On appeal, this Court affirmed the trial court's judgment on the boundary issue, finding that it used the proper method to resolve the boundary lines dispute. *Hooper v. Hero Lands Co.*, 15-0929, p. 23 (La. App. 4 Cir. 3/30/16), 216 So.3d 965, 979, *writ denied*, 16-0971 (La. 9/16/2016), 206 So.3d 205 (*Hooper I*). However, it remanded the matter ordering the trial court to provide an accurate legal description in the judgment in accordance with La. C.C.P. art. 1919.[5] *Id*., 15-0929, p. 27, 216 So.3d at 981. Additionally, this Court dismissed the Appellants' appeal of the partial summary judgments in favor of PPG and Mr. McCurdy, because those judgments were not designated as final judgments for purposes of appeal. *Id*., 15-0929, p. 3 n.1, 216 So.3d at 969.

---

[2] The original petition was the subject of numerous amendments. Initially, the petition did not include Mr. McCurdy as a defendant. However, through a later amendment, he was included as a defendant.

[3] By virtue of this ruling, each lot was apportioned approximately twelve additional feet in width.

[4] Among other rulings, the trial court dismissed all trespass claims against Allen Hero and Hero Lands.

[5] La C.C.P. art. 1919 states, in part: "All final judgments which affect title to immovable property shall describe the immovable property affected with particularity."

2

On remand, the trial court appointed a surveyor to provide legal descriptions consistent with the boundary lines set by the court. After a hearing, the trial court adopted the legal description provided by the surveyor. Subsequently, the trial court signed an order designating the two partial summary judgments, in favor of PPG and Mr. McCurdy, final appealable judgments.

In a second appeal of the three partial summary judgments, the appeal was dismissed because the judgments were not proper final judgments. *Hooper v. Hero Lands Co.*, 18-0227, 2018 WL 6683211, at *9 (La. App. 4 Cir. 12/19/18), *unpub.*[6] The trial court has since amended the three partial summary judgments to include the necessary language and designate the judgments as final judgments. This third appeal follows.

## STANDARD OF REVIEW

"Motions for summary judgment are reviewed *de novo* 'under the same criteria governing the trial court's consideration of whether summary judgment is appropriate.'" *Weddborn v. Doe*, 15-1088, p. 4 (La. App. 4 Cir. 5/4/16), 194 So.3d 80, 84 (internal quotation omitted). La. C.C.P. art. 966 (A)(3) provides that a motion for summary judgment "shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law."

## DISCUSSION

In this appeal, Appellants challenge the three amended partial summary judgments of the trial court concerning the legal description of the property and

---

[6] The partial summary judgment on the boundary lines issue adopted the new survey; however, it did not include the legal property description in the judgment. The partial summary judgments on the trespass issue were improperly designated final judgments in an order rather than in an amended judgment.

concerning the dismissal of the La R.S. 3:4278.1 trespass claims against PPG and Mr. McCurdy. First, Appellants claim the trial court's amended partial summary judgment, which adopted and included the surveyor's legal property description, is not compliant with this Court's mandate in *Hooper I*.

In *Hooper I*, this Court remanded the case to the trial court to include a particularized description of the property in conformity with La. C.C.P. art. 1919. *Hooper I*, 15-929, p. 27, 216 So.3d at 981. In accordance with this Court's suggestion, the trial court appointed a surveyor as authorized by La. C.C.P. art. 3692.[7] After the survey was complete, the trial court adopted the legal description of the surveyor. The amended judgment contains the surveyor's legal description:

Property Boundary Description
Of property owned by
James H. Hooper and Patsy Spencer Hooper:

A certain piece or portion of ground situated in Jefferson and Plaquemines Parishes, Township 14 South, Range 24 East, Section 30, West of the Mississippi River, St. Helena Meridian. Bounded by New Street, the property of Allen Hero and Hero Lands, the Eighth Naval District Canal, the Algiers Outfall Canal and Burmaster Street. Designated as Lot B (Plaquemines Parish) and Tract C (Jefferson Parish).

Begin at the intersection of the westerly right of way line of Burmaster Street and the northerly right of way line of New Street;

Thence S 60° 58' 26" E along the northerly right of way line of New Street a distance of 102.77' to a point on the line between the property of Hooper and Hero;

Thence N 02° 26' 04" E a distance of 1,296.25' to a point on the southerly line of the adjoining lot designated as "Jefferson Parish";

Thence 87° 30' 03" W a distance of 204.08'[8] to the easterly right of way line of the Algiers Outfall Canal.

---

[7] La. C.C.P. art. 3692 states: "The court may appoint a surveyor to inspect the lands and to make plans in accordance with the prevailing standards and practices of his profession indicating the respective contentions of the parties."

[8] The surveyor rounded the 204.077' up to 204.08'.

Thence S 02° 26' 04" W along the easterly right of way line of the Algiers Outfall Canal a distance of 1,246.01' to a point on the northerly line of Lot A.

Thence S 84° 30' 34" E along the northerly line of lot A a distance of 112.34' to a point on the westerly right of way line of Burmaster Street;

Thence N 02° 33' 34" E along the westerly right of way line of Burmaster Street a distance of 1.32' to the northerly right of way line of New Street, being the Point of Beginning, Containing 5.9024 Acres.

Given that the trial court correctly described the property with particularity in accordance with La. C.C.P. art. 1919, the amended judgment complies with the mandates of *Hooper I*. To the extent that Appellants challenge the boundaries established by *Hooper I*, those issues are barred by *res judicata*.[9]

Next, Appellants challenge the trial court's two amended partial summary judgments dismissing claims against PPG and Mr. McCurdy pursuant to La. R.S. 3:4278.1, the "Timber Piracy" statute.[10] Appellants argue that the Timber Piracy Statute applies to both PPG and Mr. McCurdy. We disagree.

---

[9] *Myers v. National Union Fire Ins. Co. of Louisiana*, 09-1517, p. 5 (La. App. 4 Cir. 5/19/10) 43 So.3d 207, 210 (the doctrine of *res judicata* precludes re-litigation of claims and issues arising out of the same factual circumstances when there is a valid final judgment).

[10] La. R.S. 3:4278.1, first adopted by La. Acts 1974, No. 692, is commonly referred to as the "timber trespass" or "timber piracy" statute. *Sullivan v. Wallace*, 10-0388, p. 6 (La. 11/30/10), 51 So.3d 702, 706. It states:

> A. (1) It shall be unlawful for any person to cut, fell, destroy, remove, or to divert for sale or use, any trees, or to authorize or direct his agent or employee to cut, fell, destroy, remove, or to divert for sale or use, any trees, growing or lying on the land of another, without the consent of, or in accordance with the direction of, the owner or legal possessor, or in accordance with specific terms of a legal contract or agreement.

> B. Whoever willfully and intentionally violates the provisions of Subsection A of this Section shall be liable to the owner, co-owner, co-heir, or legal possessor of the trees for civil damages in the amount of three times the fair market value of the trees cut, felled, destroyed, removed, or diverted, plus reasonable attorney fees and costs.

> C. Whoever violates the provisions of Subsection A of this Section in good faith shall be liable to the owner, co-owner, co-heir, or legal possessor of the trees for

"[T]he legislative purpose behind La. Rev.Stat. 3:4278.1 is to protect those with interests in trees from loggers who enter their property without permission to harvest timber illegally." *Sullivan v. Wallace*, 10-0388, p. 11 (La. 11/30/10), 51 So.3d 702, 709 (citation omitted). In this case, it is undisputed that PPG was digging a drainage ditch on the property line between Appellants and Hero Lands to alleviate flooding issues. In preparation, PPG hired Mr. McCurdy to conduct the survey and later cleared the area of trees, shrubs and bushes. Moreover, there is no indication that Appellants had any harvesting interests in the trees on their property.

In *Kahl v. Luster*, 11-2332, p. 7 (La. App. 1 Cir. 12/28/12), 110 So.3d 1101, 1105, the First Circuit held that applying the Timber Piracy statute to protect the foliage of homeowners against the actions of their neighbors in a residential community is inconsistent with the legislative intent of the Timber Piracy Statute. In *Kahl*, the trial court granted a summary judgment dismissing the defendant, neighbor, finding that shrubs (camellias) are not trees as contemplated by the timber piracy statute. Therefore, it concluded the Timber Piracy Statute was not applicable. On appeal, the First Circuit affirmed, further finding that:

---

three times the fair market value of the trees cut, felled, destroyed, removed, or diverted, if circumstances prove that the violator should have been aware that his actions were without the consent or direction of the owner, co-owner, co-heir, or legal possessor of the trees.

D. If a good faith violator of Subsection A of this Section fails to make payment under the requirements of this Section within thirty days after notification and demand by the owner, co-owner, co-heir, or legal possessor, the violator shall also be responsible for the reasonable attorney fees and costs of the owner, co-owner, co-heir, or legal possessor.

E. The provisions of this Section shall not apply to the clearing and maintenance of rights of way or to utility service situations where a utility is acting in good faith to minimize the damage or harm occasioned by an act of God. **The provisions of this Section shall not apply to land surveying by or under the direction of a registered professional land surveyor, duly registered under the laws of the state of Louisiana**. (emphasis supplied).

> The defendants in this action are not loggers, nor are they deriving economic benefit from their actions. Neither were they intentionally taking the action because of a dispute with their neighbors. In glaring contrast they are merely neighbors who wrongfully trimmed the plaintiffs' camellias on several occasions because the owners would not properly maintain their lot. Applying the Timber Piracy Statute in this context leads to an absurd result, conflicts with the legislative intent of the statute, and would result in an unwarranted expansion of its scope. *Id.*

Likewise, here, PPG and Mr. McCurdy are not loggers. They did not derive an economic benefit from clearing the trees and there was no intentional action taken as a result of some sort of dispute or retaliation. Therefore, like the defendants in *Kahl*, applying the statute against either PPG, or Mr. McCurdy, in this context leads to an absurd result, conflicts with the intent of the statute and results in an unwarranted expansion of scope.

In addition, there is a clear statutory exception set forth in Section E of the Timber Piracy statute, which specifically excludes its application against surveyors.[11] Appellants claim that due to Mr. McCurdy's gross negligence and malpractice, he is not protected by the surveyor's immunity clause provided in Section E. However, there is no such exception to Section E provided under the law.

Considering that the Timber Piracy statute is not applicable to PPG or Mr. McCurdy, there is no genuine issue of material fact precluding partial summary judgment in favor of these two defendants on this specific claim. Thus, the trial court's two amended partial summary judgments in favor of these two defendants are proper.

---

[11] Appellants do not dispute that Mr. McCurdy is a professional registered land surveyor, and they do not dispute that he was not the actor who conducted the tree clearing activities.

## CONCLUSION

Given that the trial court's first amended judgment complies with the mandates of *Hooper I*, and the Timber Piracy statute does not apply to PPG or Mr. McCurdy, the three amended partial summary judgments were correct. For these reasons, the trial court's judgments are affirmed.

**AFFIRMED**